1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9     RAYMOND A. GREEN, E68189,              )
                                             )
10                    Plaintiff(s),          )      No. C 12-5933 CRB (PR)
                                             )
11           vs.                             )      ORDER OF DISMISSAL WITH
                                             )      LEAVE TO AMEND
12    T. TAYLOR, et al.,                     )
                                             )
13                    Defendant(s).          )
      ───────────────────────────────       )
14

15           Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro

16    se complaint for damages under 42 U.S.C. § 1983 claiming "excessive force/

17    cruel and unusual punishment," "medical denial" and "damage/and distroyed

18    property."

19                              **DISCUSSION**

20    A.     Standard of Review

21           Federal courts must engage in a preliminary screening of cases in which

22    prisoners seek redress from a governmental entity or officer or employee of a

23    governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

24    claims or dismiss the complaint, or any portion of the complaint, if the complaint

25    "is frivolous, malicious, or fails to state a claim upon which relief may be

26    granted," or "seeks monetary relief from a defendant who is immune from such

27    relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

28    Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff seeks damages from several named defendants, claiming "excessive force/cruel and unusual punishment," "medical denial" and "damage/and distroyed property."  But plaintiff alleges no specific facts in support of his claims and does not link any of the named defendants with his claims of wrongdoing. He simply attaches numerous exhibits to his complaint and directs the court and defendants to review them.  This will not do.

In order to proceed with claims for monetary relief under § 1983 against individual defendants, plaintiff must allege specific facts showing how each named defendant actually and proximately caused the deprivation of his federally protected rights of which he complains.  See Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988).  Plaintiff's claims will be dismissed with leave to amend to set forth specific facts showing how his federal rights were violated and how each named defendant actually and proximately caused the deprivation of his federal rights of which he complains.  See id.  A prison official cannot be liable for damages under § 1983 simply because he is responsible for the actions or omissions of another.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to

file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:   March 7, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Green, R.12-5933.dwlta.wpd

3