IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. GREEN, E68189,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>T. TAYLOR, et al.,<br><br>　　　　Defendants. | No. C 12-5933 CRB (PR)<br><br>ORDER REFERRING PLAINTIFF TO FEDERAL PRO BONO PROJECT |

  Plaintiff, a prisoner at High Desert State Prison (HDSP), filed a pro se First Amended Complaint (FAC) for damages under 42 U.S.C. § 1983 alleging that on February 10, 2012, while he was at the Correctional Training Facility (CTF) in Soledad, California, he was subjected to excessive force and subsequent denial of medical treatment.  Plaintiff specifically alleges that he was "jumped," "hog-tied" and "tortured" by CTF correctional officers Taylor, Aguirre, Holguin, Henderson, Moore, Benedetti, Esparza and Espinoza, FAC (dkt. #7) at 5, and denied medical care for the injuries he sustained despite asking Dr. Sullivan and members of his classification review committee (Spearman, White and Wingfield) for help, id. at 10-11.

  Per order filed on June 13, 2013, the court found that, liberally construed, the allegations in the FAC appeared to state cognizable claims under § 1983 for use of excessive force and for deliberate indifference to serious medical needs and ordered the FAC served on defendants.  After an unsuccessful motion to dismiss, defendants moved for summary judgment.

1  Per order filed November 26, 2014, the court granted in part and denied in
2  part defendants' motion for summary judgment:

> As to plaintiff's claim of excessive force, summary judgment is appropriate as to correctional officer Taylor but not appropriate as to responding correctional officers Aguirre, Holguin, Henderson, More, Benedetti, Esparza or Espinoza. As to plaintiff's claim of deliberate indifference to serious medical needs, summary judgment is appropriate as to Dr. Sullivan and as to ICC members Spearman, White and Wingfield.

Nov. 26, 2014 Order (dkt. #57) at 13-14.  The court then referred the matter to Magistrate Judge Vadas for settlement proceedings, but Judge Vadas recently reported that the case did not settle.

Plaintiff having requested and being in need of counsel to assist him in this matter, and good and just cause appearing, this matter is referred to the Federal Pro Bono Project to find him volunteer counsel, if possible.

(1) The clerk shall forward to the Federal Pro Bono Project: (a) a copy of this order, (b) a copy of the docket sheet, and (c) a copy of the operative complaint and relevant court orders.

(2) Upon an attorney being located to represent plaintiff, that attorney shall be appointed as counsel for plaintiff in this matter until further order of the court.

(3) All proceedings in this action are stayed until four weeks from the date an attorney is appointed to represent plaintiff in this action.

SO ORDERED.

DATED:  April 16, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Green, R.12-5933.msj.referral.wpd

2