UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND A. GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>B. AGUIRRE, et al.,<br><br>    Defendants. | Case No. 12-cv-05933-JSC<br><br>**PRETRIAL ORDER** |

Following the Case Management Conference held on October 29, 2015, IT IS ORDERED THAT:

**I.**     <u>**CASE MANAGEMENT SCHEDULE**</u>

Deadline for Designation of Experts:          February 22, 2016

Discovery Cut-Off:          March 7, 2016

**II.**     <u>**TRIAL DATE**</u>

     A.     A bench trial shall begin on **March 28, 2015**, **at 8:30 a.m.**, in Courtroom D, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

     B.     The Court expects the length of trial to not exceed three days.

**III.**     <u>**PRETRIAL CONFERENCE**</u>

A Final Pretrial Conference shall be held on **March 10, 2016**, **at 2:00 p.m.**, in Courtroom F, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco. Lead trial counsel shall attend the Conference.

**IV.**     <u>**TRIAL PROCEDURES**</u>

     A.     *Final Proposed Pretrial Order*

Counsel shall *not* prepare a Joint Pretrial Conference Statement.  Instead, **three (3) calendar days** in advance of the Final Pretrial Conference, please file the following:

1. **A Proposed Final Pretrial Order.**  The parties shall meet and confer in person, prepare and file a jointly signed, Proposed Final Pretrial Order that contains: (a) a brief description of the substance of claims and defenses which remain to be decided; (b) a statement of all relief sought; (c) all stipulated facts; (d) a list of all factual issues that remain to be tried and organized by counts; (e) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and (f) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition) providing, for all such witnesses other than an individual plaintiff and an individual defendant, a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer.  If non-cumulative testimony is not spelled out, the Court will presume the witness is cumulative.  For each witness, state an hour/minute time estimate for the direct examination (only).  Items (e) and (f) should be appendices to the proposed order.  Exhibits and witnesses not included in the proposed Joint Pretrial Order may not be used in a party's case-in-chief and may not be used during cross examination of the other side's case-in-chief (other than for impeachment).  Defense witnesses are considered case-in-chief witnesses, not "rebuttal" witnesses.

2. **At the discretion of each party, a Trial Brief.**

B.   *Motions in Limine*

At least ten (10) calendar days in advance of the Final Pretrial Conference, each party shall serve Motions in Limine, if any, on the opposing party.  At least five (5) calendar days before the conference, the responding party shall serve the opposition.  There will be no reply.  When the oppositions are received, the moving party should collate the motion and the opposition together, back to back, and then file the paired sets at least three (3) calendar days before the Final Pretrial Conference.  Each motion should be presented in a separate memo and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ."  Please limit Motions in Limine to

circumstances that really need a ruling in advance. Usually five or fewer motions per side is sufficient. Each motion should address a single, separate topic, and contain no more than seven pages of briefing per side. Leave of Court will be required for more or longer motions.

    C.    *Objections to Exhibits*

Not less than three (3) calendar days before the Pretrial Conference, counsel and/or the parties shall file and serve any objections to exhibits.

    D.    *Chambers Copies*

Two (2) Chambers' copies of all of the above documents shall be hand-delivered to Chambers at the time of filing. All hard-copy submissions should be three-hole punched.

## V.    PRETRIAL ARRANGEMENTS

    A.    Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with Debra Campbell, Supervisor of the Court Reporting Services, at (415) 522-2079, or Debra_Campbell@cand.uscourts.gov, at least fourteen (14) calendar days prior to the trial date.

    B.    During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all counsel to the maximum extent possible. The Court provides no equipment other than an easel. The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties should be prepared to maintain the equipment or have a technician handy at all times. The parties shall tape extension cords to the carpet for safety. The parties may work with the deputy clerk, Ada Means (415-522-2015), on all courtroom-layout issues.

## VI.    SCHEDULING

    A.    Trial will be conducted from 8:30 a.m. to 3:00 p.m. (or slightly longer to finish a witness) with a morning and afternoon break and one forty-five (45) minute lunch break, Monday through Wednesday.

## VII.    OPENING STATEMENTS

Counsel should meet and confer to exchange any visuals, graphics or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions.

3

**VIII. WITNESSES**

A. At the close of each trial day, all counsel shall identify their witnesses for the next two full court days and the exhibits that will be used during direct examination (other than for impeachment of an adverse witness). The first notice shall be exchanged prior to the first day of trial.

B. The parties shall have all upcoming witnesses on the same day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually be deemed to constitute resting. If counsel plans to read in a transcript of a deposition, counsel must have a deposition prepared and vetted early on to read into the record.

C. On the first day of trial, counsel shall bring the original and clean copies of any deposition(s) intended to be used during the course of the trial. Any corrections must be readily available. If counsel need to use the deposition during a witness examination, they shall provide the Court with a copy with any corrections at the outset of the examination.

D. For any in-custody witnesses, counsel shall make arrangements well in advance of trial to secure their appearance in person or via video-conference.

**IX. EXPERTS**

At trial, direct testimony of experts will be limited to the matters disclosed in their reports. Omitted material may not ordinarily be added on direct examination. Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part of the expert report, with the exception of simple drawings and tabulations that plainly illustrate the content of the report, which can be drawn by the witness at trial or otherwise shown to the Court. If cross-examination fairly opens the door, however, an expert may go beyond the written report on cross-examination and/or re-direct examination. By written stipulation, all parties may relax these requirements. The Court will not permit Federal Rule of Evidence 703 to be used to admit otherwise inadmissible evidence through the expert (i.e., through the "back door").

**X. USE OF DEPOSITIONS TO IMPEACH AND SHORT READ-INS**

Depositions can be used at trial to impeach a witness testifying at trial or, in the case of a

4

party deponent, "for any purpose." The parties shall abide by the following procedure:

    i.    Opposing counsel should have their copy immediately available.

    ii.    When counsel reads a passage into the record, counsel should seek permission from the Court. For example, counsel should state: "I wish to read in page 210, lines 1 to 10 from the witness' deposition." A brief pause will be allowed for any objection.

    iii.    The first time a deposition is read, counsel shall state the deponent's name, the date of the deposition, the name of the lawyer asking the question, and if it as a Federal Rule of Civil Procedure 30(b)(6) deposition.

    iv.    When reading in the passage, counsel shall state "question" and then read the question exactly, followed by, "answer" and then read the answer exactly. Stating "question" and "answer" is necessary so the court reporter can follow who was talking at the deposition. Once the passage is on the record, move on.

    v.    Subject to Federal Rule of Evidence 403, party depositions may be read into the record whether or not they contradict (and regardless of who the witness is on the stand). For example, a short party deposition excerpt may be used as foundation for questions for a different witness on the stand.

## XI.    EXHIBITS

    A.    Prior to the final pretrial conference, counsel must meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

    B.    Use numbers only, not letters, for exhibits. Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once, just as it should have been marked only once in discovery pursuant to this Court's discovery guidelines). If the plaintiff has marked an exhibit, then the defendant should not re-mark the exact document with another number. Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits with different numbers. There should be no competing versions of

the same exhibit number; any discrepancies must be brought to the Court's attention promptly.

C.   The exhibit tag shall be in the following form:

>
> UNITED STATES DISTRICT COURT
>
> NORTHERN DISTRICT OF CALIFORNIA
>
> **TRIAL EXHIBIT 100**
>
> Case No. _____
>
> Date Entered _____
>
> By_____
> Deputy Clerk

Place the tag on or near the lower right-hand corner or, if a photograph, on the back. Counsel should fill in the tag but leave the last two spaces blank.  The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal.  Each exhibit must be tagged, three-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine labels should indicate the numbers of the exhibits that are in the binders.  Each set of exhibit binders should be marked as "Original".  Deposit the exhibits with the deputy clerk ten (10) days before the Pretrial Conference.

Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon.  If there are any differences, counsel should bring them promptly to the Court's attention.

D.   In addition to the official record exhibits, two (2), joint sets of bench binders containing a copy of the exhibits must be provided to the Court three (3) days before the Final Pretrial Conference, and should be marked as "Chambers Copies."  Each exhibit must be separated

6

with a label divider identifying the exhibit number.  (An exhibit tag is unnecessary for the bench set.)  Spine labels should indicate the numbers of the exhibits in the binders.

**IT IS SO ORDERED.**

Dated: November 17, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge